

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,222-02

### EX PARTE JAMES ARTIE SHAW, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2016-CR-8585-W1 IN THE 399TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of super aggravated sexual assault and one count of indecency with a child and sentenced to twenty-five and thirty years' imprisonment. The Fourth Court of Appeals affirmed his conviction. *Shaw v. State,* No. 04-17-00535-CR (Tex. App.—San Antonio May 30, 2018).

Applicant contends that his trial counsel rendered ineffective assistance by failing to present witnesses and failing to object. He also alleges that the State presented false evidence and made improper statements during closing argument.

On May 15, 2019, an order designating issues was signed by the trial court ordering trial counsel to file an affidavit in response to Applicant's allegations of ineffective assistance of counsel. There is no affidavit, nor any findings of fact in the habeas record forwarded to this Court. It appears that the trial court has not completed its investigation into Applicant's claims. We remand this application to the 399th District Court of Bexar County to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. The district clerk will also supplement the record with the indictments and judgments in each count, a clerk's summary sheet, and all other documentation required by statute. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 2, 2019
Do not publish